

JS 44 (Rev 06/17)

**CIVIL COVER SHEET** 19-cv-2269

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Karen Thompkins

**DEFENDANTS** 19 2269

Crozer-Keystone Health System and Prospect Medical Holdings, Inc.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE.   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Law Offices of Robert T Vance Jr, 100 South Broad Street, Suite 1525, Philadelphia PA 19110  215 557 9550

Attorneys *(If Known)*

Unknown

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*      Click here for Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
42 USC Section 1981

Brief description of cause:
Employment discrimination - race

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions)*   JUDGE   N/A            DOCKET NUMBER

DATE
05/23/2019

SIGNATURE OF ATTORNEY OF RECORD

MAY 23 2019

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG JUDGE



# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

19    2269

*(to be filed by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ **Philadelphia PA** _____

Address of Defendant: _____ **Springfield PA** _____

Place of Accident, Incident or Transaction: _____ **Springfield PA** _____

---

**RELATED CASE, IF ANY:**

Case Number: __ **N/A** _____ Judge: _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE **05/23/2019** _____   _____   **37692**
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

- ☐ 1   Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2   FELA
- ☐ 3   Jones Act-Personal Injury
- ☐ 4   Antitrust
- ☐ 5.  Patent
- ☑ 6   Labor-Management Relations
- ☑ 7   Civil Rights
- ☐ 8.  Habeas Corpus
- ☐ 9   Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify)* _____

**B.   Diversity Jurisdiction Cases:**

- ☐ 1   Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5   Motor Vehicle Personal Injury
- ☐ 6   Other Personal Injury *(Please specify)* _____
- ☐ 7.  Products Liability
- ☐ 8.  Products Liability – Asbestos
- ☐ 9.  All other Diversity Cases
  *(Please specify)* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __ **Robert T Vance Jr** _____, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☑ Relief other than monetary damages is sought

DATE **05/23/2019** _____   _____   **37692**
Attorney-at-Law / Pro Se Plaintiff   Attorney I D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

MAY 23 2019



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **Karen Thompkins** | : | CIVIL ACTION |
| v. | : | **19   2269** |
| **Crozer-Keystone Health System, et al.** | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| | | |
|---|---|---|
| **May 23, 2019** | **Robert T. Vance, Jr.** | *signature* |
| Date | Attorney-at-law | Attorney for   Plaintiff |
| 215 557 9550 | 215 278 7992 | rvance@vancelf.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

**MAY 23 2019**



LAW OFFICES OF ROBERT T. VANCE, JR.
100 South Broad Street, Suite 1525
Philadelphia, PA 19110
215.557.9550  F 215.278.7992
rvance@vancelf.com

19    2269

May 23, 2019

*By hand delivery*
Kate Barkman, Clerk
USDC, Eastern District of Pennsylvania
2609 US Courthouse
601 Market Street
Philadelphia PA 19106

    Re:    Karen Thompkins v. Crozer-Keystone Health System, et al.

Dear Ms. Barkman:

    Enclosed for filing in the above case is the Complaint, a CD containing the Complaint in pdf format, and a check for $400 for the filing fee.

                                    Sincerely,

                                    Robert T Vance Jr

.MAY 23 2019

**United States District Court for the Eastern District of Pennsylvania**

Karen Thompkins                :
                                  :
               v.                   :       Civil Action No.
                                  :       Jury Trial Demanded
Crozer-Keystone Health System and    :
Prospect Medical Holdings, Inc.       :

### *Complaint*

Plaintiff, Karen Thompkins, brings a series of claims against Defendants, Crozer-Keystone Health System and Prospect Medical Holdings, Inc., of which the following is a statement:

### *Jurisdiction and Venue*

1.      This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331 and 1343, this action being brought under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991).

2.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(c).

### *The Parties*

3.      Plaintiff, Karen Thompkins, is an African-American female citizen of the United States and a resident of this judicial district.

4.      Defendant, Crozer-Keystone Health System ("Crozer-Keystone"), established in 1990, provides wellness, prevention, acute care, rehabilitation and restorative care services. Crozer-Keystone comprises five (5) hospitals (Crozer-Chester Medical Center, Delaware County Memorial Hospital, Taylor Hospital, Springfield Hospital and Community Hospital) and has

6,000 employees.  Crozer-Keystone's headquarters is located at 100 West Sproul Road,

Springfield PA 19064.  In July 2016, Crozer-Keystone was acquired by Defendant Prospect

Medical Holdings, Inc.  The acts set forth in this Complaint were authorized, ordered, condoned

and/or done by Crozer-Keystone's officers, agents, employees and/or representatives while

actively engaged in the management of Crozer-Keystone's business.

5.       Defendant, Prospect Medical Holdings, Inc. ("Prospect"), established in 1996,

provides healthcare services in California, Connecticut, New Jersey, Pennsylvania, Rhode Island

and Texas.  Prospect owns 20 acute and behavioral hospitals in those states.  Prospect's principal

place of business is located at 3415 South Sepulveda Boulevard, 9th Floor, Los Angeles CA

90034.  The acts set forth in this Complaint were authorized, ordered, condoned and/or done by

Prospect's officers, agents, employees and/or representatives while actively engaged in the

management of Prospect's business.

### Background Facts

6.       Ms. Thompkins was employed by defendants as a PRN Registered Nurse in the

Alcohol & Drug Rehabilitation Unit at Crozer-Chester Medical Center from June 2017 until

March 16, 2018, when defendants terminated her employment because of her race and in

retaliation for her complaints about race discrimination.

7.       According to Ms. Thompkins's job description, she was to report to the Director

of Nursing and the Nursing Supervisor.

8.       On August 5, 2017, Ms. Thompkins worked in an understaffed and unsafe

environment.  That day, Elizabeth Lombardo, a White female RN, removed the nurse and a

Patient Care Generalist from Ms. Thompkins's unit and transferred them to Ms. Lombardo's

unit, which left Ms. Thompkins and an inexperienced orientee (whom Ms. Lombardo was

2

supposed to orient) on her unit.  Ms. Thompkins's unit had 32 patients, while Ms. Lombardo's

unit had only 10-12 patients.  Ms. Thompkins notified William Shriner, a White male and

defendants's Nursing Supervisor, about the situation, but no action was taken to obtain additional

coverage for Ms. Thompkins's unit.  Mr. Shriner also refused to give Ms. Thompkins an Unsafe

Staffing Sheet, which prevented her from officially documenting the unsafe event.

9.      In September 2017, Ms. Lombardo again removed the nurse from Ms.

Thompkins's unit and transferred her to Ms. Lombardo's unit, leaving Ms. Thompkins and an

inexperienced orientee with 32 patients to care for.

10.      On January 21, 2018, Ms. Thompkins complained to Mr. Shriner about unsafe

staffing resulting from Peggy Malone, a White female RN, removing a Patient Care Generalist,

Latifa Montgomery, from Ms. Thompkins's unit and transferring her to Ms. Malone's unit.

Again, however, no action was taken to provide additional staff coverage.

11.      On January 22, 2018, Ms. Thompkins notified Deborah Jackson, a Black female

and defendants's Acting Clinical Director of the Detox Unit, about the lack of staff support and

the resultant stressful and hostile work environment.  Ms. Jackson acknowledged Ms.

Thompkins's concerns, but took no action to resolve them.

12.      On February 3, 2018, Ms. Montgomery refused to perform safety checks on

patients when ordered to do so by Ms. Thompkins, who at the time was serving as the Charge

Nurse.  Ms. Thompkins immediately notified Mr. Shriner about Ms. Montgomery's

insubordination.  However, he took no action against Ms. Montgomery.  Later during that shift,

Ms. Montgomery left Ms. Thompkins's unit without notifying Ms. Thompkins, and Cindy

Babiak, a White female RN from another unit, removed Ms. Montgomery from the unit and

transferred her to Ms. Babiak's unit.  Ms. Thompkins complained to Mr. Shriner about these

3

actions, which caused her to experience stress, a migrane, elevated blood pressure, anxiety and chest pain. Ms. Thompkins was treated in the emergency room; she was not cleared to return to work until February 5, 2018.

13.     Upon her return to work on February 5, Ms. Thompkins notified Carmela Marasiak, a White female and Clinical Director of Nursing for PRN Departments of Nursing about the incidents. Ms. Marasiak scheduled a meeting for February 9 to discuss the incidents.

14.     At the meeting on February 9, Ms. Thompkins recounted the events she had experienced since her hiring date. Rather than address those issues, Ms. Jackson asked Ms. Thompkins whether some physical contact had occurred between her and Ms. Montgomery. At the conclusion of the meeting, Ms. Marasiak told Ms. Thompkins that she was being removed from the work schedule pending an investigation.

15.     Later that day, Ms. Marasiak called Ms. Thompkins and told her that her complaint had been referred to the Chief Nursing Officer, that she should not have been removed from the work schedule, that she was being put back on the work schedule, and that the only reasons she had been removed from the work schedule was for her safety so that she would not have to be subjected to that environment.

16.     On February 12, 2018, Ms. Marasiak sent Ms. Thompkins an email threatening to terminate her employment if she did not complete by February 16 the annual evaluation that was due on January 9. However, Ms. Thompkins did not know and had never been notified that her annual evaluation was past due. She completed the evaluation on February 13.

17.     On February 13, Catherine Melliniotis, a White female and defendants's Clinical Director of the Detox Unit, called Ms. Thompkins to schedule a meeting for February 14 among her, Ms. Thompkins and Ms. Montgomery regarding an allegation that Ms. Thompkins has

4

physically pushed Ms. Montgomery on February 3, the same day that Ms. Thompkins had complained to Mr. Shriner that Ms. Montgomery was insubordinate. Ms. Thompkins told Ms. Melliniotis that she believed she was being retaliated against for complaining about safety issues and that Mr. Shriner also should attend the February 14 meeting. Ms. Melliniotis told Ms. Thompkins that she was putting the meeting on hold, and Ms. Thompkins notified Ms. Marasiak about the matter.

18.     On February 15, Ms. Marasiak emailed Ms. Thompkins to schedule a meeting for February 16. Ms. Thompkins informed Ms. Marasiak that she was ill and would not be able to attend a meeting until the following week.

19.     On February 16, Ms. Marasiak emailed Ms. Thompkins to inform her that she was removed from the work schedule until they could meet. In response, Ms. Thompkins informed Ms. Marasiak that she believed that she was being discriminated and retaliated against.

20.     On February 20, Ms. Thompkins emailed Ms. Marasiak to attempt to schedule a meeting. Ms. Marasiak did not respond to that request.

21.     On March 5, 2018, Ms. Marasiak emailed Ms. Thompkins to schedule a meeting for March 6. However, a meeting was confirmed for March 9. In attendance at the meeting were senior management personnel, including Noreen Caldwell, a White female and defendants's Administrative Director, Ms. Melliniotis, Ms. Jackson, Mark Mungan, a White male and defendants's Director of Human Resources, and Ms. Marasiak. Mr. Shriner did not attend the meeting, despite Ms. Thompkins having requested his attendance. During the meeting, Ms. Thompkins told the senior management personnel that she believed she was being discriminated and retaliated against, and denied the allegation that she bumped into Ms. Montgomery.

22.     On March 16, 2018, Ms. Marasiak emailed Ms. Thompkins informing her that defendants had completed their investigation and that her employment was terminated effective immediately that day.

23.     Defendants's termination of Ms. Thompkins was motivated by race and in retaliation for her complaints of race discrimination and harassment.

24.     Ms. Thompkins has suffered, is now suffering and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of defendants's discrimination.

25.     Defendants discriminated against Ms. Thompkins because of her race.

26.     By reason of defendants's discrimination and retaliation, Ms. Thompkins suffered extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

27.     Defendants acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Ms. Thompkins's rights.

## *Count I*

### *The Civil Rights Act of 1866, 42 U.S.C. §1981*

28.     Plaintiff restates and realleges paragraphs 1-27, inclusive, as though set forth here in full.

29.     Ms. Thompkins had a federal statutory right under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), as amended, to be accorded the same rights as were enjoyed by White employees with respect to the terms and conditions of their employment relationship with defendants and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

30.     Defendants's conduct described above deprived Ms. Thompkins of the rights, privileges and immunities guaranteed to her under Section 1981.

31.     Defendants's conduct was intentional, deliberate, willful and conducted in callous disregard of Ms. Thompkins's federally protected rights.

32.     By reason of defendants's conduct, Ms. Thompkins is entitled to all legal and equitable relief available under Section 1981.

### *Jury Demand*

33.     Ms. Thompkins hereby demands a trial by jury as to all issues so triable.

### *Prayer for Relief*

Wherefore, Plaintiff, Karen Thompkins, respectfully prays that the Court:

a.     adjudge, decree and declare that defendants have engaged in illegal race discrimination, and that the actions and practices of defendants complained of herein are violative of her rights under Section 1981;

b.     order defendants to provide appropriate job relief to Ms. Thompkins, including reinstatement;

c.     enter judgment in favor of Ms. Thompkins and against defendants for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, reinstatement, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

d.     order defendants to pay the attorney's fees, costs and expenses and expert witness fees of Ms. Thompkins associated with this case;

7

e.      grant such other and further legal and equitable relief as may be found appropriate

and as the Court may deem just or equitable; and

f.      retain jurisdiction until such time as the Court is satisfied that defendants have

remedied the unlawful and illegal practices complained of herein and is determined to be in full

compliance with the law.

_____

Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 1525
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Karen Thompkins*

8